UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

LESLIE GRANT,

          Plaintiff,

-against-

CITY OF NEW YORK, SCOTT GIACONA,
JAMES MAHONEY, JOHN VANORDEN,
JOSEPH FICHTER, and "JOHN/JANE DOES
#1-4" believed to be members of the NEW YORK
CITY POLICE DEPARTMENT

          Defendants.

------------------------------------X

CV 08 509

COMPLAINT

GARAUFIS, J.

GOLD, M.J.

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y
★ FEB 07 2008 ★
BROOKLYN OFFICE

      Plaintiff, Leslie Grant, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

      1. At all times hereinafter mentioned plaintiff, a black male, was a resident of the County of Kings, City and State of New York.

      2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

      3. At all times hereinafter mentioned, defendant Scott Giacona, whose shield

1

number is believed to be 25360, was a member of the NYPD, employed, retained, trained and supervised by New York City, and was a state actor performing his duties under color of law.

4. At all times hereinafter mentioned, defendant James Mahoney was a member of the NYPD, employed, retained, trained and supervised by New York City, and was a state actor performing his duties under color of law.

5. At all times hereinafter mentioned, defendant John Vanorden was a member of the NYPD, employed, retained, trained and supervised by New York City, and was a state actor performing his duties under color of law.

6. At all times hereinafter mentioned, the defendants, "John/Jane Does #1-10" (collectively referred to herein as the "Doe defendants") were officers, detectives, sergeants, or members of the NYPD of another rank, and were employed, retained, and trained by New York City, and were state actors performing their duties under color of law.

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

8. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside.

9. That plaintiff timely served a Notice of Claim on the municipal defendant.

10. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

11. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

12. At or around 9:00 p.m., on October 7, 2007, plaintiff was in his home when several of the defendants, acting in their capacity as members of the NYPD, appeared at his apartment door. The defendants, who did not have a search, arrest, or bench warrant, forcibly entered at gunpoint and placed plaintiff under arrest, causing plaintiff to suffer physical injury.

13. Plaintiff was taken to the 63rd precinct station house, where he was fingerprinted, processed, and forced to participate in multiple line-up identification procedures ("line-ups"). At no time prior to or during the line-ups was plaintiff assigned or permitted to speak with counsel.

14. The line-ups were conducted by defendant Fichter and were so grossly suggestive and improper as to be a farce. None of the other persons placed in the line-ups with the plaintiff resembled plaintiff in any material fashion, other than that they were black males.

15. Plaintiff was eventually transported to Kings County Central Booking, and subsequently arraigned under docket number 2007KN076897.

16. The criminal prosecution was commenced pursuant to a sworn complaint signed by defendant Fichter, in which he claimed that the plaintiff had been arrested by the defendants for the possession of marijuana on October 6, 2007, and that he subsequently escaped from the defendants while in their custody. According to Fichter, defendant Giacona was the source of this information.

17. The individual defendants conspired together to "identify" plaintiff as the person who escaped from their custody days earlier, utilizing the sham line-ups and false identifications as a means to manufacture sufficient cause for plaintiff's prosecution.

18. The allegations in the criminal complaint were materially false, and the

3

defendants knew them to be false at the time they were made.

19. Any claim by the individual defendants that they identified plaintiff in the line-ups conducted after his arrest were materially false, and the defendants knew them to be false at the time they were made.

20. At no time did the defendants have sufficient cause to detain, search or arrest the plaintiff, nor was there any basis for the defendants to reasonably believe that such cause existed.

21. At no time did the defendants have sufficient cause to enter plaintiff's residence or to use any level of force whatsoever against the plaintiff, nor was there any basis for the defendants to reasonably believe that such cause existed.

22. Plaintiff appeared in Court several more times. On January 17, 2008, all charges against the plaintiff were formally dismissed in favor of the plaintiff.

23. At all times relevant herein, the individual defendants, including the John Doe defendants, were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

24. Plaintiff repeats the allegations contained in paragraphs "1" through "23" above as though stated fully herein.

25. Defendants willfully and intentionally entered plaintiff's residence without a warrant, permission or other legal authority to do so, and seized, searched, detained and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause

existed.

26. Defendants willfully and intentionally subjected plaintiff to excessive force by employing more than what was reasonably necessary under the circumstances, and without a reasonable basis to believe that the use of such force was necessary.

27. Defendants willfully, intentionally and maliciously caused plaintiff to be subjected to criminal process, without probable cause to believe said prosecution would succeed, and which was terminated in favor plaintiff.

28. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, unlawful searches of person and property, malicious use and abuse of process, and denial of plaintiff's right to due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution

29. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injury, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

**SECOND CAUSE OF ACTION**

30. Plaintiff repeats the allegations contained in paragraphs "1" through "29" above as though stated fully herein.

31. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD generally and the 63rd precinct and the Brooklyn South geographic area specifically.

5

32. Upon information and belief, defendants knew that there was inadequate supervision within the Brooklyn South area on and prior to October 7, 2007, and that NYPD guidelines, as promulgated in the Patrol Guide, were routinely ignored and violated by NYPD members. Despite their prior notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were in place within the precincts located inside the Brooklyn South area in order to reasonably provide that NYPD officers, employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search and arrest members of the public, including and specifically, the plaintiff herein.

33. Defendants were deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

34. By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused plaintiff to be deprived of his federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

### THIRD CAUSE OF ACTION

35. Plaintiff repeats the allegations contained in paragraphs "1" through "34" above as though stated fully herein.

36. At all times hereinafter mentioned the municipal defendant, the City of New York, its agents, employees and servants, including but not limited to the aforementioned individual defendants, acted under color of the statutes, customs, ordinances and usage of the City and State of New York.

37. That the defendant, City of New York, by its persistent lax supervision of its officers, by its practice of requiring its officers to effect a certain minimum number of arrests, and persistent and arbitrary refusal to discipline its officers and to fully and adequately investigate allegations of abuse, neglect, cruelty, and violation of departmental rules and regulations has demonstrated a pattern and practice of abuse of power and deprivation of civil rights by subjecting persons to unlawful and unjustified detentions and deprivations of legal rights and remedies.

38. Such actions are believed to be comprised of, *inter alia*, the persistent harassment of individuals, false arrest of said persons, insensitivity, intolerance, physical punishment and abuse and excessive force, failure to investigate claims of abuse and violations of departmental rules and regulations, failure to discipline officers when necessary, covering up such incidents when possible, and generally creating and fostering an environment in which an attitude of "cover-up" and denial of officer misbehavior, tortious acts, and violations of law are condoned and accepted, all of which is common knowledge to the subject community and residents within the New York City area.

39. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983, and thereby deprived plaintiff of his right to equal protection under the law and impeded the due course of justice, in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and the Constitution of the State of New York, and caused plaintiff to suffer emotional and physical injury, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## FOURTH CAUSE OF ACTION

40. Plaintiff repeats the allegations contained in paragraphs "1" through "39" above as though stated fully herein.

41. Defendants' violation of plaintiff's constitutional rights was motivated by defendants' racial animus towards plaintiff and was knowingly undertaken with the intent to deny the plaintiff his right to full and equal benefit of the laws on the basis of his race.

42. By reason of the foregoing, defendants violated 42 U.S.C. § 1981 and caused plaintiff to be deprived of his federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## FIFTH CAUSE OF ACTION

43. Plaintiff repeats the allegations contained in paragraphs "1" through "44" above as though stated fully herein.

44. Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, seized, arrested, detained, made to suffer physical injury, held in custody, and subjected to criminal process by the defendants.

45. At no time did defendants have sufficient probable cause, justification, authority, or any colorable legal basis for seizing, arresting, detaining, beating and searching plaintiff, and commencing process, and said conduct, was unlawful.

46. The defendants are therefore liable to plaintiff for excessive force, false arrest and imprisonment, and malicious use and abuse of process.

47. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injury, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

8

## SIXTH CAUSE OF ACTION

48. Plaintiff repeats the allegations contained in paragraphs "1" through "47" above as though stated fully herein.

49. The defendants, individually, jointly and severally, and through their agents, servants, employees, and/or associates were responsible for the proper, adequate and necessary permissible police and law enforcement conduct with respect to any interaction with plaintiff.

50. The police and law enforcement conduct engaged in and rendered to plaintiff by the individual defendants, individually, jointly and through their agents, servants, employees, and/or associates was careless and negligent and not in accordance with good and accepted police and law enforcement practices and in violation of NYPD policies and procedures and was not otherwise reasonable conduct under the circumstances then and there existing.

51. As a result of the carelessness and negligence and violation of NYPD procedures and policies by the respective defendants, their agents, servants, employees and/or associates, plaintiff was caused to sustain severe and irreparable personal injury and damage.

52. By reason thereof, the defendants have caused plaintiff to suffer emotional and physical suffering, mental anguish, and to be unlawfully incarcerated.

## SEVENTH CAUSE OF ACTION

53. Plaintiff repeats the allegations contained in paragraphs "1" through "52" above as though stated fully herein.

54. Defendants City of New York and Brower were responsible for ensuring

that reasonable and appropriate levels of supervision were in place within the NYPD generally and the 81st precinct specifically.

55. Upon information and belief, defendants knew that there was inadequate supervision within the precincts that lie within the Brooklyn South geographic area on and prior to October 7, 2007, and that NYPD guidelines, as promulgated in the Patrol Guide, were routinely ignored and violated by NYPD members. Despite their prior notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were in place within the precincts and units operating within the Brooklyn South area in order to reasonably provide that NYPD officers, employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search and arrest members of the public, including and specifically, the plaintiff herein.

56. Defendants were deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

57. By reason thereof, defendants are liable to plaintiff for their negligent supervision and retention of NYPD employees and agents, and caused plaintiff to be deprived of his federal constitutional rights and to suffer emotional and physical suffering, mental anguish, and to be unlawfully incarcerated.

## EIGHTH CAUSE OF ACTION

58. Plaintiff repeats the allegations contained in paragraphs "1" through "57" above as though stated fully herein.

59. Defendants' willfully and intentionally seized, searched, physically injured, and arrested plaintiff without cause, and without a reasonable basis to believe such cause existed, and retaliated against plaintiff for exercising his constitutional rights, and in so doing, violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under Article 1, §§11, 12 of the Constitution of the State of New York.

60. Defendants' violation of plaintiffs' state constitutional rights was knowingly undertaken with the intent to deny the plaintiff his right to full and equal benefit of the laws on the basis of race.

61. By reason thereof, defendants have caused the plaintiff to be deprived of his state constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first cause of action actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action actual and punitive damages in an amount to be determined at trial;

    iii.    on the third cause of action actual damages in an amount to be determined at trial;

    iv.    on the fourth cause of action actual and punitive damages in an amount to be determined at trial;

    v.    on the fifth cause of action actual and punitive damages in an amount to be determined at trial;

    vi.    on the sixth cause of action actual and punitive damages in an amount to be determined at trial;

    vii.    on the seventh cause of action actual and punitive damages in an amount to be determined at trial;

    viii.    on the eighth cause of action actual and punitive damages in an amount to be determined at trial;

    ix.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    x.    such other relief as the Court deems just and proper.

Dated:  Brooklyn, New York
          January 25, 2008

                                  REIBMAN & WEINER

By: _____
      Michael B. Lumer (ML-1947)
      Attorneys for Plaintiff
      26 Court Street, Suite 1005
      Brooklyn, New York 11242
      (718) 522-1743